ON MOTION FOR REHEARING

FLETCHER, Judge.
Our opinion filed on October 4, 2006 is withdrawn and the following is substituted therefor.
German Larrea appeals from a final judgment, challenging various interlocutory orders governed by that final judgment. We affirm in part and reverse in part.
As the case stands before us, the undisputed facts demonstrate that Larrea offered to purchase, and condominium developer Fisher Island Holdings (FIH) agreed to sell, two units in an under-construction building. Larrea signed two form purchase agreements with FIH and tendered 10% deposits. Along with the deposits and signed purchase agreements, Larrea submitted a letter providing that several elaborate modifications be incorporated into the construction, including combining the two units as a single unit, primarily at FIH’s expense. The letter provided that upon execution of the purchase agreements such would represent acceptance of Larrea’s terms and conditions and the letter would constitute part of the entire contract. FIH did not sign the letter but took delivery of the purchase agreements, signed them and deposited Larrea’s 10% downpayment checks. Larrea subsequently provided FIH with a revised unit floor plan. FIH requested an additional $150,000 to do the work. Larrea refused and the parties never reached an accord over whether the letter was part of the purchase agreements, and who would pay for the construction modifications. When the second deposits came due under the purchase agreements, Larrea conditioned payment upon FIH’s acceptance of an addendum to the purchase agreements which reflected an amount Larrea was willing to pay for the extensive construction changes. FIH rejected the addendum as well as conditional tender of the second deposits, sent Larrea a default letter, sold the units to another buyer, and kept Larrea’s two initial 10% deposits set out in the form purchase agreements.
Larrea sued FIH for breach of the agreements and for return of his initial deposits, inter alia, amending his complaint several times in an effort to correctly characterize the legal relationship between the parties. His sixth and final amended complaint contained two separate but identical counts for breach of two separate contracts to purchase the two separate condo units as well as an unjust enrichment count (count V). The trial court denied Larrea’s motion for summary judgment[1] and granted FIH’s motion to dismiss with prejudice the unjust enrichment claim. The trial court then entered final judgment concluding the case in FIH’s favor.
The record reflects that no contract was formed because FIH failed to accept Lar-rea’s letter and incorporate it into the purchase agreements. Larrea, as offeror, had the right to condition his offer on FIH entering into the contract — consisting of *1294 two form purchase agreements plus the letter. FIH was not authorized to accept part (the purchase agreements) and reject part (the letter). See DiMase v. Aquamar, 835 So.2d 1150 (Fla. 3d DCA 2002)(holding that to result in a contract, an acceptance of an offer must be absolute and unconditional, identical with the terms of the offer and in the mode, at the place and within the time expressly or impliedly required by the offer). Because no valid contract was ever formed, FIH appears to have been unjustly enriched by retaining Larrea’s two initial 10% deposits.
We reverse as to count V of the sixth amended complaint and remand for further proceedings consistent with this opinion. As to the parties’ requests for appellate attorney fees based on contract, there being no contract the requests are denied.

. Filed May 31, 2005, and denied on June 24, 2005.